<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

Mijael Palomino Quispe,

*Petitioner*,

v.

Todd Blanche, *et al.*,

*Respondents*.

Civil Action No. 26-cv-04133

**ORDER**

May 1, 2026

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Mijael Palomino Quispe ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond pursuant to an erroneous classification as an "alien seeking admission" under 8 U.S.C. § 1225(b), thereby depriving him of any opportunity for a custody redetermination (ECF No. 1 ¶¶ 3–4, 15); and

**WHEREAS**, Petitioner is a 25-year-old native and citizen of Peru who entered the United States on or about May 28, 2022, was released upon payment of a $5,000 bond, and thereafter complied with all conditions imposed by immigration authorities, including attending required check-ins and appearances (ECF No. 1 ¶ 13); and

**WHEREAS**, Petitioner has resided in New Jersey since his release, and has established significant ties to the community, including employment with Viking Yacht Company, pursuit of vocational training, and close family relationships with his United States citizen siblings (ECF No.

1 ¶¶ 14, 19–20); and

**WHEREAS**, on April 18, 2026, Petitioner was arrested during a routine check-in in Mount Laurel, New Jersey and taken into custody by Immigration and Customs Enforcement ("ICE"), after which he was detained at Delaney Hall Detention Facility in Newark, New Jersey, where he remains (ECF No. 1 ¶¶ 12, 17); and

**WHEREAS**, Petitioner is currently in removal proceedings with a scheduled hearing before the Immigration Court in Newark, New Jersey on January 11, 2029 (ECF No. 1 ¶ 16); and

**WHEREAS**, Petitioner asserts that he has no criminal history, has fully complied with all prior immigration obligations, and nevertheless remains detained without bond due to Respondents' application of the mandatory detention provisions of § 1225(b) (ECF No. 1 ¶¶ 15, 18, 22); and

**WHEREAS**, Respondents filed a Response to the Petition on April 24, 2026 (ECF No. 6), maintaining that Petitioner is properly detained pursuant to § 1225(b) as an applicant for admission (ECF No. 6 at 1); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and the Response (ECF No. 6), and resolves the matter on the existing record; and

**WHEREAS**, Respondents acknowledge that their position mirrors arguments previously rejected by numerous courts in this District addressing § 1225(b)(2) detention[1] (*id*. at 1); and

---

[1] *See, e.g., Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons,* No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar,* No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons,* No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi,* No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.,* No.

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and the Response (ECF No. 6), and resolves the matter on the existing record; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, _____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow

---

25-3328 (3d Cir. Dec. 2, 2025).

Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 1st day of May 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to her detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to her; and

4

it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*Karen M. Williams*
_____
**Hon. Karen M. Williams,**
**United States District Judge**